### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**MARGARET FLERLAGE &**
**MARKUS MURRAY,**
**individually, and on behalf of all others**
**similarly situated,**

          **Plaintiffs,**

v.

**US FOODS, INC.,**

          **Defendant.**

Case No. 18-2614-DDC-TJJ

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's Unopposed Motion Regarding Revised Amounts for Attorneys' Fees, Costs, and Representative Plaintiffs Service Awards, to Preliminarily Approve FLSA Settlement, and to Approve Amended Notice to Class (Doc. 58). The motion asks the court to (1) approve revised amounts of attorneys' fees, costs, and representative plaintiffs service awards, (2) grant preliminary approval of the parties' proposed FLSA settlement based thereon, and (3) approve an Amended Notice to Class. Doc. 58 at 1.

The central issue here is whether the amounts of money that the proposed settlement allocates for attorneys' fees, costs, and service awards are appropriate. The court declined to approve the sums the parties proposed in February 2020. The parties now return to the plate for another at-bat. As explained below, the court grants the motion. It approves preliminarily the parties' FLSA settlement and approves conditionally the Amended Notice to the Class.

**I.    Background**

On January 22, 2019, plaintiffs Margaret Flerlage and Markus Murray filed, collectively and as a class action, claims against defendant US Foods, Inc. for violating the Fair Labor

Standards Act (FLSA) and the Kansas Wage Payment Act (KWPA).  Doc. 14 at 4 (Am. Compl. ¶ 6).  On August 29, 2019, the parties engaged in mediation.  They then asked the court to approve preliminarily the resulting Settlement Agreement.  *See* Doc. 54 at 1 (Mot. for Prelim. Settlement Approval); Doc. 55 at 3 (Mem. in Supp.).  The court granted the motion to certify the collective class for notice purposes but declined to approve preliminarily the settlement for the FLSA claims.  Doc. 56 at 28–29.  Specifically, the court declined to approve the requested award for fees and costs.  *Id.* at 28.  The court invited the parties to reapply for approval of fees, costs, and awards with reduced amounts that conform to the governing standards and with a fuller justification of their request for costs.  *Id.*

The parties accepted that invitation.  On August 27, 2020, defendant filed an unopposed motion proposing reduced amounts for attorneys' fees, costs, and awards.  Doc. 58 at 1.  The court now considers that motion and the revised sums it proposes.

**II.     Legal Standard Governing Preliminary Approval of an FLSA Settlement**

When parties settle FLSA claims, they must present the settlement to the court to review and decide whether the settlement is fair and reasonable.  *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).  To approve an FLSA settlement, the court must decide whether:  (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorneys' fees.  *Barbosa*, 2015 WL 4920292, at *5 (citing *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011)).

### III. Discussion

#### A. Whether the Litigation Involves a Bona Fide Dispute

Before approving an FLSA settlement, the parties must submit information sufficient for the court to conclude that a bona fide dispute exists. *McCaffrey*, 2011 WL 32436, at *4 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). In its prior Memorandum and Order, the court explained why this litigation involves a bona fide dispute. *See* Doc. 56 at 19. The court sticks with that conclusion.

#### B. Whether Proposed Settlement is Fair and Equitable to All Parties

The court next considers whether the proposed settlement is fair and equitable. "To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales." *Solis v. Top Brass, Inc.*, No. 14-cv-00219-KMT, 2014 WL 4357486, at *3 (D. Colo. Sept. 3, 2014). To determine whether the proposed settlement is fair and equitable, courts regularly examine the factors that apply to proposed class action settlements under Rule 23(e). *Tommey v. Computer Scis. Corp.*, No. 11-CV-02214-EFM, 2015 WL 1623025, at *2 (D. Kan. Apr. 13, 2015); *Barbosa v. Nat'l Beef Packing Co. LLC*, No. 12-2311-KHV, 2014 WL 5099423, at *7 (D. Kan. Oct. 10, 2014).

The court concluded previously that the proposed settlement satisfies the factors found under Federal Rule of Civil Procedure 23(e). *See* Doc. 56 at 8–12, 20. The court also concluded that "plaintiffs' proposed notice is sufficient" save for its fees and awards problem. *See id.* at 12–16, 20. And the court found that the proposed Settlement Agreement contained no confidentiality agreements that might otherwise undermine its fairness and reasonableness. *Id.* at 20–21. The court sees no reason to depart from those conclusions now.

The court also must determine whether any service award payments are fair and reasonable. *See Tommey*, 2015 WL 1623025, at *2 ("The Court is required to examine any enhancement payment to the class representative to determine whether that person has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." (citation and internal quotation marks omitted)); *Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 1789100, at *7 (D. Kan. May 17, 2012) (reasoning that without information about the nature of the named-plaintiffs' involvement and time invested in the case, the court "cannot determine whether the proposed service payments are fair and reasonable.").

Here, the court concluded that the service awards proposed initially were not fair and reasonable. *See* Doc. 56 at 22. The court explained that two defects inhered in the proposed amounts. *First*, the princely sums proposed would have rewarded plaintiffs about $106 and $78 per hour respectively for their work on this case. The court found those rates to be far outside the ballpark since "our court has found that $20 per hour is a reasonable incentive fee." *Id.* (quoting *Foster v. Robert Brogden's Olathe Buick GMC, Inc.*, No. 17-2095-DDC-JPO, 2019 WL 1002046, at *7 (D. Kan. Feb. 28, 2019)) (quotation marks and alteration omitted). *Second,* the proposed awards far exceeded the recovery any class member could make in the settlement. *Id.* Those defects sunk the proposal.

But now, the parties propose reduced representative service awards. *See* Doc. 58 at 2. Defendant's unopposed motion asks that the named-plaintiffs receive awards reflecting the court's standard $20 per hour for the time each named-plaintiff dedicated to prosecuting this action. *Id.* Ms. Flerlage worked 34 hours, producing a proposed award of $680, and Mr. Murray's 46 hours yield a proposed award of $920. *Id.* These proposed awards are consistent

4

with rates of other incentive fees that our court has deemed reasonable.  *See Foster*, 2019 WL 1002046, at *7 (citing *Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *8 & n.19 (D. Kan. Aug. 25, 2011) ("the Court finds that $20.00 per hour is a reasonable incentive fee")).  The court thus concludes that awards of $680 for Ms. Flerlage and $920 for Mr. Murray compensate them adequately and reasonably.

But before the court can conclude that the proposed settlement is fair and reasonable, the court must evaluate the proposed attorneys' fees award.

### C. Whether the Proposed Attorneys' Fees Award is Reasonable

The FLSA requires that an FLSA settlement agreement include an award of reasonable attorneys' fees and costs.  *See* 29 U.S.C. § 216(b); *see also McCaffrey*, 2011 WL 32436, at *2 (FLSA "requires that a settlement agreement include an award of reasonable fees.").  The court "has discretion to determine the amount and reasonableness of the fee," but "the FLSA fee award is mandatory."  *Barbosa*, 2015 WL 4920292, at *4.

#### 1. Governing Law

A percentage fee from a common fund award "must be reasonable and . . . the district court must articulate specific reasons for fee awards demonstrating the reasonableness of the percentage and thus the reasonableness of the fee award."  *Barbosa*, 2015 WL 4920292, at *7 (citing *Brown v. Phillips Petrol. Co.*, 838 F.2d 451, 454 (10th Cir. 1988)).  To determine the fee award's reasonableness, the "Tenth Circuit applies a hybrid approach, which combines the percentage fee method with the specific factors traditionally used to calculate the lodestar."  *Id.* (first citing *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995); then citing *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994)).  This method calls for a court to calculate a lodestar amount, "which represents the number of hours reasonably expended multiplied by a reasonable

5

hourly rate." *Solis*, 2014 WL 4357486, at *4 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (further citation omitted)); *see also Hobbs v. Tandem Envtl. Sols., Inc.*, No. 10-1204-KHV, 2012 WL 4747166, at *3 (D. Kan. Oct. 4, 2012).

The hybrid approach also requires the court to consider the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Those factors include: (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Barbosa*, 2015 WL 4920292, at *8 (first citing *Rosenbaum*, 64 F.3d at 1445; then citing *Johnson*, 488 F.2d at 717–19).

### 2. Analysis of Revised Attorneys' Fees Proposal

The court applied the hybrid approach to the parties' previous request for approval of proposed attorneys' fees in this litigation. Doc. 56 at 24–28. Much of the court's analysis of the *Johnson* factors remains unchanged. The factors that favored the higher amount then favor naturally the reduced award now. The court concluded that several *Johnson* factors favored the prior proposed sum for attorneys' fees. *See id.* Those favorable factors included: the time and labor required given the "negative lodestar multiplier" of .527 ($125,000 request / $237,065 lodestar value); the preclusion of other employment; the amount involved and results obtained; and the experience, reputation, and ability of the attorneys. *Id.* at 24–26. The reduced proposal

renders the court's view of these factors unchanged—each still favors the proposed fee. The "negative lodestar multiplier" is now .354 ($84,000 request / $237,065 lodestar value) and thus, if anything, favors the proposed fee award even more than the earlier proposal.

The *Johnson* factors deemed neutral remain neutral, or now favor the reduced award. Five factors neither favored nor disfavored the prior proposed attorneys' fees amount. Doc. 56 at 24–27. Those factors included: the novelty and difficulty of the questions presented in the case; the skill requisite to perform the legal service properly; whether the fee is fixed or contingent; the time limitations imposed by the client or circumstances; and the undesirability of the case. *Id.* The reduced sum proposed here does not change the court's analysis of these neutral factors.

And the immaterial factor is still inert. The court concluded, as courts typically do, that the nature and length of the attorney's professional relationship with the client are wholly irrelevant or immaterial to the analysis whether the proposed attorneys' fees are reasonable. *See id.* at 27. The court maintains that view.

So, the core question for the court now is whether any of those *Johnson* factors that disfavored the parties' prior proposed attorneys' fee award of $125,000 now support the modified proposal of $84,000. And if so, whether the view of those factors has changed enough to alter the court's aggregate analysis whether the proposed fee award reflects appropriately the *Johnson* factors. With its analysis of the previous iteration of this proposed settlement in mind, the court now considers each of the factors that it concluded previously disfavored the proposed fee of $125,000 and applies that factor to the new proposed fee award of $84,000.

When analyzing the "time and labor required" factor, the court found that an attorneys' fee award of $125,000 represented 59.5% of the Gross Settlement Amount (GSA) of $210,000. Doc. 56 at 24. The court deemed this ratio too high to imply reasonableness. *Id.* The court

7

engaged in similar analysis when evaluating *Johnson*'s "customary fee" factor and reached the same conclusion. *Id.* at 25 ("The percentage of the fund requested by counsel is just outside the top range of the customary percentage of the fund approved by this court."). The revised request of $84,000 is 40% of the $210,000 GSA. Doc. 58 at 2. When the proposed cost amount of $11,394.18 is included, this percentage rises to roughly 45.4%. *See id.* These percentages land within the range of the customary percentage of the fund approved by this court. *See Barbosa*, 2015 WL 4920292, at *11 ("Fee awards in these cases have ranged from four per cent to 58 per cent of the common fund"). These two *Johnson* factors favor approving the proposed attorneys' fee award.

After comparing the $125,000 fee request to awards that secured our court's approval in other cases, the court concluded that the "awards in similar cases" factor disfavored approving the request. Doc. 56 at 27–28. The court reasoned that an award consistent with similar cases would represent a third of the GSA. *Id.* (citing *Koehler v. Freightquote.com, Inc.*, No. 12-2505-DDC-GLR, 2016 WL 3743098, at *2, 9 (D. Kan. July 13, 2016)). So, plaintiffs' request of 59.5% blended in with similar cases like a giraffe among a herd of cattle. The parties' reduced proposal representing 40% of the GSA (45.4% inclusive of costs) more closely resembles the awards approved in similar cases. The "awards in similar cases" factor thus does not disfavor the reduced sum as it did the earlier proposal.

The lodestar math and application of the *Johnson* factors to this case lead the court to conclude that the revised attorneys' fees requested are fair and reasonable.

**IV.    Amended Notice to Class and Settlement Approval Hearing**

The court's August 2020 Memorandum and Order (Doc. 56) adopted the proposed schedule for the parties to provide notice to the class members. Doc. 56 at 16, 29. The court

8

also "approve[d] the proposed notice—with one exception." *Id.* at 15.  The court was unable to approve the amounts of service fee awards and attorneys' fee award that the proposed notice included.  *Id.* at 15–16.  So, the court "direct[ed] the parties to provide notice to the class members consistent with" its August Order, *id.* at 29, and advised that the "notice should provide a revised proposed service fee award and attorneys' fee award and note that these amounts still are subject to the court's approval[,]" *id.* at 16.

Defendant's unopposed motion (Doc. 58) asks the court to approve by September 14, 2020—the asserted deadline for notice to be sent to class members—(1) the revised amounts of fees, costs, and awards, (2) the proposed FLSA settlement (preliminary approval), and (3) the proposed Notice attached to the motion.  The court recognizes that it issues this Memorandum and Order well after the deadline that defendant set for the court.  Doc. 58 at 1.  But the court's efforts are spread thin across heavy civil and criminal dockets in the complicating midst of a global pandemic.  Competing demands from those dockets left the court unable to meet the suggested deadline for issuing an Order just weeks after defendant filed the revised motion.  But, the court trusts that its prior Order (Doc. 56) provided the parties with direction and means sufficient to issue the class notice subject to final approval under the adopted timeline for resolution.[1]

Defendant's motion also requests guidance about notifying the class members of how they may participate in the Settlement Approval hearing.  Doc. 58 at 2–3 (¶ 5).  That hearing is

---

[1] The court expressly conditions its approval of the Amended Notice to Class (Doc. 58-1) on confirmation that the parties issued notice to the class subject to final approval consistent with the court's August Order (Doc. 56).  Given the opt-out date included in the Amended Notice to Class, *see* Doc. 58-1 at 8, the court must reevaluate the adequacy of notice provided by the Amended Notice to Class— specifically the notice's timeliness relative to the opt-out date and final approval hearing— if the court learns that the parties have not yet issued notice to the class.

set as an in-person hearing on February 4, 2021 in Kansas City, Kansas. Doc. 57.[2] Should the parties wish to secure means for class members to participate remotely in that hearing, the parties may file a motion suggesting a means to that and seeking the court's approval of it.

The court previously considered the parties' proposed Notice to the Class. *See* Doc. 56 at 12–16 (applying legal standard to the parties' proposed notice). The court concluded that the awards and fees issue was the Notice's sole defect. *Id.* at 15 ("one exception"). Now rid of that concern, the court approves the Amended Notice to the Class (Doc. 58-1) that incorporates the reduced award and fee amounts.

## V.     Conclusion

The court finds that this litigation involves a bona fide dispute. It also concludes that the parties' proposed FLSA settlement is fair and equitable to all parties, and that the proposed settlement contains awards of reasonable attorneys' fees, costs, and incentive awards. The court thus approves preliminarily the parties' FLSA Settlement and approves conditionally the Amended Notice to the Class.

**IT IS THEREFORE ORDERED THAT** defendant's Unopposed Motion Regarding Revised Amounts for Attorneys' Fees, Costs, and Representative Plaintiffs Service Awards, to

---

[2] Undeterred by the ongoing COVID-19 pandemic, the court "is committed to continuing court operations and ensuring access to justice." United States District Court for the District of Kansas, District of Kansas COVID-19 Information, http://ksd.uscourts.gov/index.php/district-of-kansas-covid-19-information/. The court is "also committed to keeping the public and our court staff safe by taking precautionary measures to minimize exposure to the COVID-19 virus." *Id.* Consistent with those measures, the court plans to proceed with the Settlement Approval hearing this February unless public health considerations and good sense caution otherwise. *See* United States District Court for the District of Kansas, Revised Transition Plan for Civil and Criminal Hearings During Pandemic (Sept. 1, 2020), http://ksd.uscourts.gov/wp-content/uploads/2020/07/Administrative-Order-2020-11.pdf (Am. Administrative Order 2020-11). The court expects public health conditions to remain in flux and will remain attuned closely to whether emerging concerns require other arrangements for this hearing to proceed safely.

Preliminarily Approve FLSA Settlement, and to Approve Amended Notice to Class (Doc. 58) is granted.

       **IT IS SO ORDERED.**

       **Dated this 28th day of October, 2020, at Kansas City, Kansas.**

                                       **s/ Daniel D. Crabtree**
                                       **Daniel D. Crabtree**
                                       **United States District Judge**