## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MARGARET FLERLAGE &**
**MARKUS MURRAY,**
individually, and on behalf of all others
similarly situated,

**Plaintiffs,**

**v.**

**US FOODS, INC.,**

**Defendant.**

**Case No. 18-2614-DDC-TJJ**

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' Unopposed Motion for Final Settlement

Approval and Suggestions in Support Thereof (Doc. 60).  On February 4, 2021, the court held a

Settlement Approval Hearing in Kansas City, Kansas and by Zoom Video Conference.  After

reviewing and considering the motion and all evidence offered in support in the filings and

during the hearing, the court finds:

(1) The court has subject matter jurisdiction over this action, and personal jurisdiction

over plaintiffs, the participating class members, the Settlement Classes, and defendant;

(2) The terms of the parties' Settlement Agreement (Doc. 55-1) are fair, reasonable, and

adequate, *see Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir.

2002); *Barbosa v. Nat'l Beef Packing Co., LLC*, No. 12-2311-KHV, 2015 WL 4920292,

at *3 (D. Kan. Aug. 18, 2015), and the litigation involves bona fide wage and hour

disputes, *see McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 32436,

at *4 (D. Kan. Jan. 5, 2011);

(3) The settlement and the Agreement are the product of contested litigation and resulted from non-collusive, arm's-length negotiations;

(4) The contents and distribution method of the court-approved Amended Notice constituted the best notice practicable to the Settlement Classes under the circumstances and satisfied the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process;

(5) Based on evidence and other material submitted in conjunction with the preliminary and final motions for approval, the Amended Notice was adequate and was disseminated as previously approved by this court. The documents informed the members of the Settlement Classes of their rights to exclude themselves from the settlement, as well as their right to object to any aspect of the proposed settlement;

(6) The attorneys' fees requested in the motion for final approval are reasonable given the work performed and results obtained, *see Barbosa*, 2015 WL 4920292, at \*7; *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989);

(7) Class Counsels' costs and expenses were reasonably and necessarily incurred in the prosecution of this litigation; and

**WHEREFORE**, the court holds as follows:

(1) That the settlement is a fair, reasonable, and adequate compromise of a bona fide dispute under both the state common laws and wage and hour laws pled and the Fair Labor Standards Act. The terms set forth in the Settlement Agreement are approved as fair, reasonable, and adequate given the degree of recovery obtained in relation to the risks faced by the members of the Settlement Classes in litigating the claims. The

Settlement Classes are properly certified as part of the settlement and the criteria for 29

U.S.C. § 216(b) and Rule 23 certification have been fully met.  The relief provided to the

members of Settlement Classes under the Agreement is appropriate for the individual

members of the Settlement Classes, and for the Settlement Classes as a whole;

(2) The court further finds the releases and other terms contained in the Settlement

Agreement are fair, just, reasonable, and adequate for plaintiffs and the members of the

Settlement Classes;

(3) Plaintiffs' Unopposed Motion for Final Settlement Approval and Suggestions in

Support Thereof (Doc. 60) is granted;

(4) The court hereby finally approves the collective and class action settlement, as set

forth in the Settlement Agreement;

(5) For the Rule 23 Class, for settlement purposes, the court finds and concludes that:

> (a) the members of the Rule 23 Class are ascertainable and so numerous that
> joinder of all members is impracticable;

> (b) there are questions of law or fact common to the Rule 23 Class members, and
> there is a well-defined community of interest among the Rule 23 Class members
> with respect to the subject matter of this action;

> (c) the claims of the plaintiffs/Class Representatives are typical of the claims of
> the Rule 23 Class;

> (d) the plaintiffs/Class Representatives have fairly and adequately protected the
> interests of the Rule 23 Class;

> (e) Class Counsel is qualified to serve as counsel for the plaintiffs/Class
> Representatives and the Rule 23 Class; and

3

(f) a class action is superior to other available methods for an efficient

adjudication of this controversy and common issues predominate over individual

issues;

(6) Solely for purposes of effectuating this settlement, the court finally certifies the 29

U.S.C. § 216(b) Collective Class and the Rule 23 Class, as defined in the Agreement and

related documents;

(7) Defendant is directed to issue settlement payments to the Settlement Classes in

accordance with the terms of the Settlement Agreement;

(8) Payment of approved attorneys' fees and costs requested shall be made in accordance

with the terms of the Settlement Agreement;

(9) Without affecting the finality of the Settlement or this Order, the court retains

jurisdiction over this case to the extent permitted by law for purposes of resolving any

issues pertaining to settlement administration, and consummation, enforcement, and

interpretation of the Agreement;

(10) This action is dismissed in its entirety with prejudice, and the Clerk shall enter final

judgment dismissing the action with prejudice, for plaintiffs and members of the

Settlement Classes as set forth in the Agreement and without costs to any party, except to

the extent otherwise expressly provided in the Agreement, having the fullest *res judicata*

effect.  The court intends this Order to be "Final" within the meaning of the Federal

Rules of Civil Procedure and the Federal Rules of Appellate Procedure;

(11) Plaintiffs and the members of the Settlement Classes are bound by the release and

other terms in the Settlement Agreement and the Notice Packet, as set forth in the

Settlement Agreement, and shall conclusively be deemed for all purposes to be

4

permanently barred from commencing, prosecuting, or otherwise maintaining in any

court or any forum any action based on the released claims against defendant as set forth

in the Settlement Agreement and Notice Packet;

(12) Neither this Order nor any aspect of the settlement or Agreement is to be construed

or deemed an admission of liability, culpability, or wrongdoing on the part of defendant.

The parties to the Agreement entered into the Agreement with the intention to avoid

further disputes and litigation with the attendant risk, inconvenience, and expenses; and

(13) The court finds that there is no just reason for delay, and directs the Clerk to enter

this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Unopposed

Motion for Final Settlement Approval and Suggestions in Support Thereof (Doc. 60) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** this action is dismissed in its

entirety with prejudice.

**IT IS SO ORDERED.**

**Dated this 18th day of February 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**